PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECONFERENCE SYSTEMS, LLC, | Case No. C 10-5740 JSW (NMC) |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| AT&T CORP., ET AL | |
| Defendants. | |

This protective order ("Protective Order") is issued to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. Civ. P. 26(c) and any other applicable rule of this Court. Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

In support of this Protective Order, the Court finds that:

1.      Documents or information containing confidential research, development, business or commercial information or trade secrets within the meaning of Rule 26(c) ("Confidential Information") is likely to be disclosed or produced during the course of discovery

1    in this litigation;

2          2.      The parties to this litigation may assert that public dissemination and disclosure of

3    Confidential Information could severely injure or damage the party disclosing or producing the

4    Confidential Information and/or could place that party at a competitive disadvantage;

5          3.      Counsel for the party or parties receiving Confidential Information are presently

6    without sufficient information to accept the representation(s) made by the party or parties

7    producing Confidential Information as to the confidential, proprietary, and/or trade secret nature

8    of such Confidential Information; and

9          4.      To protect the respective interests of the parties and to facilitate the progress of

10   disclosure and discovery in this case, the following Protective Order should issue.

11                         **IT IS THEREFORE ORDERED THAT:**

12         1.      This Protective Order shall apply to all information, documents and things subject

13   to discovery in this Action produced either by a party or a non-party in discovery in this Action

14   ("Action" shall include without limitation this litigation and any adjunct subpoena proceedings

15   incident hereto before any tribunal) including, without limitation, testimony adduced at deposition

16   upon oral examination or upon written questions, answers to interrogatories, documents and

17   things produced, information obtained from inspection of premises or things, and answers to

18   requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45

19   ("Discovery Material").

20         2.      Discovery Material containing Confidential Information is referred to as

21   "Confidential Material."  The following is not Confidential Material: (i) material which, on its

22   face, shows or which, through other evidence, the receiving party can show has been published to

23   the general public; (ii) information that the receiving party can show was lawfully in the receiving

24   party's possession prior to being designated as Confidential Material in this litigation and that the

25   receiving party is not otherwise obligated to treat as confidential; (iii) information that the

26   receiving party can show was obtained (without any benefit or use of Confidential Material) from

27   a third party having the right to disclose such information to the receiving party without

28   restriction or obligation of confidentiality; (iv) information which, after its disclosure to a

1    receiving party, is published to the general public by a party having the right to publish such

2    information; (v) information that the receiving party can show by written record was

3    independently developed by it after the time of disclosure by personnel who did not have access

4    to the producing party's Confidential Material, or (vi) information that was submitted to a

5    governmental entity without request for confidential treatment.

6        3.    In determining the scope of information that a party may designate as its

7    Confidential Material, each party acknowledges the importance of client access to information

8    necessary to client decision-making in the prosecution or defense of litigation, and therefore

9    agrees that designations of information as Confidential Material and responses to requests to

10   permit further disclosure of Confidential Material shall be made in good faith and not (1) to

11   impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

12       4.    The producing party shall label or mark each document and thing that it deems to

13   be Confidential Materials with the following term: "CONFIDENTIAL."

14       5.    The parties may designate as "CONFIDENTIAL -- OUTSIDE COUNSEL

15   ONLY" those Confidential Materials that contain Confidential Information that is especially

16   sensitive and could cause significant competitive harm if disclosed to an unauthorized person,

17   including, without limitation, pending but unpublished patent applications, information

18   concerning research, development and other activities related to unreleased products, license

19   agreements and other highly confidential technical, research and development, and financial

20   information. This designation shall be made in good faith. The parties shall label or mark each

21   such document or thing with the following term: "CONFIDENTIAL -- OUTSIDE COUNSEL

22   ONLY."

23       6.    The parties acknowledge that a distinct level of protection is required for certain

24   Confidential Materials as to which CONFIDENTIAL -- OUTSIDE COUNSEL ONLY

25   designation would not provide adequate protection to the interests of the designating party and

26   whose wrongful dissemination could result in irreparable harm to the designating party. Such

27   information may be designated as "HIGHLY RESTRICTED CONFIDENTIAL" by labeling or

28   marking   each   such   document   or   thing   with   the   term:   "HIGHLY   RESTRICTED

1  CONFIDENTIAL." Such designations should be made only in good faith and should be used

2  only for source code, configuration files, or other electronic files used in network operations,

3  comments for source code or network operation files, revision histories, or other material whose

4  wrongful dissemination could result in irreparable harm to the designating party.

5        7.      The labeling or marking of a document or tangible thing with the designation

6  "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY

7  RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is

8  provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL --

9  OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," on the face of

10 each such document or thing. All copies of documents or things stamped "CONFIDENTIAL,"

11 "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED

12 CONFIDENTIAL" shall again be stamped if the duplicating process by which copies of such

13 documents or things are made does not reproduce the original stamp. Any such designation that

14 is inadvertently omitted or misdesignated may be corrected by written notification to counsel for

15 the receiving party, and the receiving party shall thereafter mark and treat the materials as

16 "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY

17 RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this

18 Protective Order as if it had been initially so designated. If, prior to receiving such notice, the

19 receiving party has disseminated the Confidential Material to individuals not authorized to

20 receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to

21 otherwise assure that the recipient(s) properly mark the Confidential Material and maintain the

22 confidentiality of the Confidential Material in accordance with the terms of this Protective Order,

23 but shall have no other responsibility or obligation with respect to the information disseminated.

24       8.      In the case of deposition upon oral examination or written questions, such

25 testimony shall be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" until the

26 expiration of thirty (30) days after the deposition unless otherwise designated at the time of the

27 deposition or during the thirty (30) day period. Pages or entire transcripts of testimony given at a

28 deposition or hearing may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL -

1  - OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information
2  by an appropriate statement either at the time of the giving of such testimony or by written
3  notification within thirty (30) days after the deposition.   If the testimony is not otherwise
4  designated at the time of the deposition or during the thirty (30) day period after the deposition,
5  the testimony will be deemed to be "CONFIDENTIAL."   Any portion or separately bound
6  volume of a deposition so designated shall not be filed with the Court, except in accordance with
7  Paragraph 21 of this Protective Order.

8      9.      In the case of written discovery responses and the information contained therein,
9  the responses may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL --
10  OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by
11  means of a statement at the beginning of each response that contains such information specifying
12  the level of designation of the Confidential Information and by placing a legend at the front page
13  of such discovery responses stating:   "CONTAINS CONFIDENTIAL INFORMATION/[the
14  highest level of designation contained in the answers]."   Any such designation that is
15  inadvertently omitted or misdesignated may be corrected within thirty (30) days of service of
16  such discovery responses by written notification to counsel for the receiving party, and the
17  receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL,"
18  "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED
19  CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as
20  if it had been initially so designated. If, prior to receiving such notice, the receiving party has
21  disseminated the Confidential Material to individuals not authorized to receive it hereunder, it
22  shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the
23  recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall
24  have no other responsibility or obligation with respect to the information disseminated.

25      10.     In the case of Confidential Information not reduced to documentary or tangible
26  form or which cannot be conveniently designated as set forth above, such information may be
27  designated "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or
28  "HIGHLY RESTRICTED CONFIDENTIAL" information by informing the receiving party of

1 the designation in writing either at the time of transfer of such information or within thirty (30)

2 days after the transfer of such information.

3      11.    Any documents or tangible things made available for inspection prior to producing

4 copies of selected items shall initially be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL

5 ONLY" unless otherwise designated at the time of inspection and shall be subject to this

6 Protective Order.  Thereafter, the producing party shall have a reasonable time to review and

7 designate the documents as set forth in Paragraph 7 above prior to furnishing copies to the

8 receiving party.

9      12.    **Disclosure of CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Material**.

10 CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material and any information contained

11 therein shall be disclosed only to the following persons:

12      a.    Counsel of record in this Action for the receiving party, including both local and

13 trial counsel, provided such persons agree to be bound by this Protective Order.

14      b.    Employees and agents of such counsel including paralegals, litigation support

15 services, secretarial and clerical staff as well as the following categories of persons provided that

16 such persons have no involvement in addressing any matter regarding the substantive issues in the

17 case;  independent legal translators retained to translate in connection with this Action;

18 independent stenographic reporters and videographers retained to record and transcribe testimony

19 in connection with this Action; graphics, translation, or design services retained by counsel of

20 record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other

21 court proceedings in this Action; and non–technical jury or trial consulting services (expressly

22 excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

23      c.    The Court, its personnel and stenographic reporters (with such CONFIDENTIAL -

24 - OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable

25 precautions as determined by the Court);

26      d.    At a deposition or at trial, any person who authored or previously received the

27 Confidential Material and, subject to timely objection, including objection that such person is not

28 internally authorized to receive such information, any person currently employed by the

1  designating party; and

2       e.     Any independent experts or consultants, and employees and assistants under the

3  control of such expert or consultant, who (1) is engaged by counsel of record in this Action,

4  whether or not such expert or consultant is paid directly by a party, and (2) is not regularly

5  employed by or associated with a party hereto, other than by the designating party, provided

6  however that disclosure to such persons shall be made only on the conditions set forth in

7  Paragraph 19 below.

8       13.    **Disclosure of CONFIDENTIAL Material**. CONFIDENTIAL material and any

9  information contained therein may be disclosed to the persons designated in Paragraphs 12(a),

10 12(b), 12(c), 12(d) and 12(e) above and additionally may be disclosed to no more than two (2) in-

11 house counsel who act in a legal capacity for the receiving party, who are responsible for

12 supervising this Action and, with respect to Plaintiff, presently are not directly involved in patent

13 prosecution activities or in other competitive decision-making (including decisions relating to

14 licensing technology or intellectual property), provided however that disclosure to such persons

15 shall be made only on the conditions set forth herein. Such in-house counsel must be approved in

16 advance by the parties pursuant to the procedure set forth in Paragraph 19. The parties recognize

17 that the responsibilities of such in-house counsel may change during the litigation, and that the

18 replacement of a previously approved in-house counsel with a new in-house counsel may

19 therefore become appropriate. Replacement in-house counsel must be approved pursuant to the

20 procedure set forth in Paragraph 19. In the event that the responsibilities of in-house counsel

21 change and the parties wish that individual to remain a designee pursuant to this paragraph, the

22 designating party will notify the other party of the change in responsibilities, and the other party

23 will have the right to object pursuant to the procedure set forth in Paragraph 19.

24      Disclosure and dissemination of documents marked "CONFIDENTIAL" to such in-house

25 counsel shall be made only under the following conditions:

26      a.     In-house counsel for any Defendant may not review any documents marked

27 "CONFIDENTIAL" by any other Defendant without the express written approval of the

28 producing party.

b.     One copy of any document marked "CONFIDENTIAL" may be provided by the party receiving it to each in-house counsel where such documents are made exhibits to, are referred to or are relied on in connection with any motions, briefs or other papers filed with the Court or served by the producing party in this Action; and

c.     Otherwise, such individuals may only view materials marked "CONFIDENTIAL" in the presence of outside counsel of record for the receiving party at outside counsel's offices, and shall not be provided with or be permitted to create or remove copies of such documents, nor be provided with or be permitted to create or remove any summaries, abstracts, compilations, notes or any other type of memorial or record of such documents.

14.    **Disclosure of HIGHLY RESTRICTED CONFIDENTIAL Material**. HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a.     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic format, will be provided on a standalone computer with all ports, software, network connections, and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"). The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties.  Inspection of HIGHLY RESTRICTED CONFIDENTIAL materials made available on the Standalone Computer may be conducted during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request.  Such inspections may be supervised by the designating party's outside attorneys and/or others working with such counsel in a manner that will not interfere with the receiving party's confidential communications or otherwise invade the receiving party's attorney work product.

b.     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials described in Paragraphs 7 – 10

1    above.

2         c.     Only persons designated under Paragraph 12(a) and 12(e) above shall have access

3    to the Standalone Computer provided however that the following additional restrictions shall

4    apply to such access:

5              (i)     At least ten (10) business days prior to the date on which access is sought

6    to such Standalone Computer ("ten day notice period"), counsel of record for the receiving party

7    shall provide a list of individuals including attorneys seeking to access such Standalone Computer

8    and the designating party shall have the right to object to such access;

9              (ii)    During the pendency of the ten day notice period, no listed individual shall

10   have access to the Standalone Computer;

11             (iii)   If an objection to any specific listed individual is made, that individual

12   shall not have access to the Standalone Computer until resolution of such objection; and

13             (iv)    Each time a person accesses the Standalone Computer, the person shall

14   sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone

15   Computer including the name of the person accessing, the date and time in and out, and whether

16   any hard copies were made.

17        d.     The receiving party shall not have the right to, and agrees not to, copy, transmit or

18   duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including copying

19   such HIGHLY RESTRICTED CONFIDENTIAL materials into notes, scanning, or otherwise

20   creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except

21   as set forth herein.

22             (i)     A printer shall be attached to the Standalone Computer and the receiving

23   party may print portions of HIGHLY RESTRICTED CONFIDENTIAL materials they consider in

24   good faith to be necessary to proving elements of their case.  The receiving party may not print

25   out 10 or more consecutive pages of source code without the express written consent of the

26   producing party.  The parties shall negotiate reasonable limitations on the amount and scope of

27   HIGHLY RESTRICTED CONFIDENTIAL material that is printed and released by the producing

28   party to the receiving party.

   (ii) Whenever hard copies are made, copies of the hard copies printed shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them. To be clear, the hard copies shall not be removed from the location of the Standalone Computer by the receiving party. Such hard copies shall be provided to the producing party's counsel for Bates labeling and production to the receiving party in accordance with this Protective Order.

   (iii) Any hard copies shall be conspicuously marked HIGHLY RESTRICTED CONFIDENTIAL in conformity with Paragraphs 6 – 10 above.

   (iv) The receiving party shall be entitled to only a single hard copy of any HIGHLY RESTRICTED CONFIDENTIAL materials. Receiving party shall keep a log including: (a) the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; (b) the name of all persons accessing the HIGHLY RESTRICTED CONFIDENTIAL materials; and (c) the date and time of access of the HIGHLY RESTRICTED CONFIDENTIAL materials.

  e. All HIGHLY RESTRICTED CONFIDENTIAL materials in the possession of the receiving party shall be maintained in a secured, locked area. The outside counsel for the receiving party shall notify the producing party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of the HIGHLY RESTRICTED CONFIDENTIAL material.

  f. All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day. At no time, will any HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

  g. Receiving party shall not convert any of the information contained in the hard copies into an electronic format, except when reproducing excerpts of the information in an expert report or a court filing, and then only according to the additional restrictions on HIGHLY RESTRICTED CONFIDENTIAL materials contained in this Order.

  15. **Disclosure of Third Party Materials.** In the event that a party reasonably believes that, due to a confidentiality obligation owed to a nonparty, it cannot produce certain

1    information, of which the party has possession, ("Restricted Information") in this Action, said

2    party shall within seven (7) business days of discovering such obligation or of entry of this Order,

3    whichever is later: (i) provide written notification to the nonparty that Restricted Information is

4    subject to disclosure in this Action, and (ii) provide the nonparty with a copy of this Order.   No

5    more than ten (10) business days after making such notification, the Party in possession of the

6    Restricted Information shall inform the party requesting such information of the third party's

7    response to the notification, or lack thereof.   Nothing in this agreement shall be construed to

8    supersede, or in any way alter, any other agreement that a party has with a nonparty.

9        16.   **Protected Material Subpoenaed or Ordered Produced in Other Litigation**.   If

10   a Party is served with a subpoena or a court order issued in other litigation that compels

11   disclosure of any information or items designated in this Action as "CONFIDENTIAL,"

12   "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED

13   CONFIDENTIAL," that Party must:

14       a.   promptly notify in writing the designating party. Such notification shall include a

15   copy of the subpoena or court order;

16       b.   promptly notify in writing the party who caused the subpoena or order to issue in

17   the other litigation that some or all of the material covered by the subpoena or order is subject to

18   this Protective Order. Such notification shall include a copy of this Protective Order; and

19       c.   cooperate with respect to all reasonable procedures sought to be pursued by the

20   Designating Party whose Protected Material may be affected.

21       If the designating party timely seeks a protective order, the party served with the subpoena

22   or court order shall not produce any information designated in this Action as

23   "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY

24   RESTRICTED CONFIDENTIAL," before a determination by the court from which the subpoena

25   or order issued, unless the party has obtained the designating party's permission.   The designating

26   party shall bear the burden and expense of seeking protection in that court of its confidential

27   material – and nothing in these provisions should be construed as authorizing or encouraging a

28   receiving party in this Action to disobey a lawful directive from another court.

17. <u>**Export Control Requirements**</u>:

Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all Confidential Materials:

a.      The receiving party acknowledges that the Confidential Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.   The receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer Confidential Materials of the producing party without first obtaining all required United States or any other applicable authorizations or licenses.   The receiving party acknowledges that Confidential Materials disclosed by the producing party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

b.      The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing party's Confidential Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Confidential Materials, subject to ECCN 5E002 -- without U.S. Government authorization. The receiving party furthermore, agrees to notify the producing party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of Confidential Materials, or placement on a project requiring receipt or review of the producing party's Confidential Materials.   The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

18.      Plaintiff, and any attorney representing the Plaintiff, whether in-house or outside counsel, any person retained by Plaintiff or attorneys of Plaintiff, and any other person, who has accessed, or otherwise learns, in whole or in part, technical information designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order shall not prepare, prosecute,

1    supervise or assist in the prosecution of any patent application, including the reexamination of

2    such patent application, pertaining to the subject matter of U.S. Patent No. 6,980,526, including

3    patent applications relating to provisional application No. 60/191,819 and/or patent application

4    No. 11/236,121, or the disclosed technical information designated CONFIDENTIAL,

5    CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED

6    CONFIDENTIAL during the pendency of this case and for two years after the conclusion of this

7    litigation, including any appeals.  To ensure compliance with the purpose of this provision,

8    Plaintiff shall create an ethical wall between those persons with access to technical information

9    designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY

10    RESTRICTED CONFIDENTIAL and those individuals who prepare, prosecute, supervise, or

11    assist in the prosecution of any patent application pertaining to the same or substantially the same

12    subject matter of U.S. Patent No. 6,980,526, including patent applications relating to provisional

13    application No. 60/191,819 and/or patent application No. 11/236,121, or the disclosed technical

14    information designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY,

15    or HIGHLY RESTRICTED CONFIDENTIAL.  Nothing in this paragraph shall be construed as a

16    waiver of the other provisions of this Order, including but not limited to those provisions

17    restricting the use and disclosure of technical information designated CONFIDENTIAL,

18    CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED

19    CONFIDENTIAL. The provisions of this paragraph shall not prevent Plaintiff's Outside Counsel

20    who has accessed, or otherwise learns, in whole or in part, technical information designated

21    CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY

22    RESTRICTED CONFIDENTIAL under this Protective Order from reviewing communications

23    from the United States Patent Office regarding a re-examination proceeding or from discussing

24    claim interpretation issues or ways of distinguishing claims in any such reexamination from any

25    cited prior art, including with re-examination patent counsel, except for re-examination

26    proceedings initiated by Teleconference Systems, LLC, Margalla Communications, Inc., or any

27    entity acting on their behalf or in their interest. For the purposes of reexamination, such Outside

28    Counsel may not prosecute any such reexamination, may not participate in any such

1    reexamination after the first Patent Office action in response to which claims may be drafted or

2    amended, and any Plaintiff's Outside Counsel's participation in reexamination proceeding(s) is

3    also expressly conditioned on his/her/its legal obligation, established by Order of the Court, not to

4    use or reveal in any way the content of CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE

5    COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL information, including, in

6    particular, express condition not to use or reveal such information to draft new claims, or to

7    amend previously existing claims, through the reexamination process.

8         19.    Trial counsel desiring to disclose Confidential Materials to in-house counsel,

9    experts or consultants specified in Paragraphs 12(e) or 13 above shall first obtain a signed

10   undertaking, in the form of Exhibit A attached hereto, from each such in-house counsel, expert or

11   consultant, and such counsel shall retain in his/her files the original of each such signed

12   undertaking.  For the disclosure of in-house counsel, a copy of the proposed undertaking shall be

13   forwarded to opposing counsel with the current curriculum vitae for such in-house counsel.  For

14   the disclosure of an expert or consultant, a copy of the proposed undertaking shall be forwarded

15   to opposing counsel with the current curriculum vitae, a list of all publications by such proposed

16   expert or consultant for the past ten (10) years, and a list identifying: (1) all employers of such

17   expert or consultant for the past ten (10) years; (2) all lawsuits (identified by name and number of

18   the case, and location of court) in which such proposed expert or consultant has testified in

19   deposition, hearing, or trial during the preceding five years; and (3) all parties in any dispute and

20   all other entities on behalf of which such expert or consultant has worked as an expert or

21   consultant during the preceding five years or from which the expert or consultant received

22   compensation, or where a protective order or confidentiality provision would prohibit such

23   disclosure, a confirmation that those undisclosed engagements do not involve a relationship with

24   any of the named parties in this litigation.  No Confidential Materials shall be disclosed to such

25   in-house counsel, expert or consultant until after the expiration of a seven (7) business day period

26   commencing with the service of a copy of the proposed undertaking, curriculum vitae, and lists,

27   provided, however, that if during that seven (7) business day period opposing counsel makes an

28   objection to such disclosure, there shall be no disclosure of Confidential Materials to such in-

1   house counsel, expert or consultant, except by mutual agreement of the parties or further order of

2   the Court.  Any objection to such disclosure must set forth in detail the grounds on which it is

3   based.  A party that receives a timely written objection must meet and confer with the designating

4   party to try to resolve the matter by agreement within five (5) business days of the written

5   objection.   If no agreement is reached, the party opposing disclosure of such Confidential

6   Materials shall have the burden of filing a motion with the Court for a Protective Order opposing

7   such disclosure and shall bear the burden of proving that the risk of harm that the disclosure

8   would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the

9   Confidential Materials to its designated in-house counsel, expert or consultant.  However, the

10  parties will be reasonable in shortening the time for objection under this paragraph if necessary to

11  allow an in-house counsel to review Confidential Material in conjunction with their review of

12  documents to be filed with the Court or participation in a deposition or hearing.

13       20.    The restrictions on the use of Confidential Materials established by this Protective

14  Order are applicable only to the use of information received by a party from another party or from

15  a nonparty.  A party is free to use its own information as it pleases.

16       21.    Any party may file or lodge with the Court documents or tangible items designated

17  as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY

18  RESTRICTED CONFIDENTIAL.  Any briefs, transcripts, exhibits, depositions, or documents

19  which are filed with the Court which comprise, embody, summarize, discuss, or quote from

20  documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE

21  COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed, unless

22  the parties otherwise agree in writing or the Court otherwise orders.   Where reasonably

23  practicable, only the portions of documents consisting of such items or information shall be

24  lodged under seal.  Filing or lodging such information or items under seal shall be made in

25  compliance with Civil L.R. 79-5.  Such items or information shall be filed or lodged in sealed

26  envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be

27  endorsed with the title and case number of this Action, and a statement in substantially the

28  following form:   CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.   THE

1  MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL

2  [CONFIDENTIAL  --  OUTSIDE  COUNSEL  ONLY  or  HIGHLY  RESTRICTED

3  CONFIDENTIAL] PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED

4  OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

5        22.     The acceptance by a party of documents designated as CONFIDENTIAL,

6  CONFIDENTIAL  --  OUTSIDE  COUNSEL  ONLY  or  HIGHLY  RESTRICTED

7  CONFIDENTIAL shall not constitute an agreement, admission or concession, or permit an

8  inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.

9  26(c), or some other basis.  Documents designated CONFIDENTIAL, CONFIDENTIAL --

10 OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall be treated in

11 accordance with the provisions of this Protective Order, except that any party may at any time

12 seek an Order from the Court determining that specified information or categories of information

13 are not properly designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL

14 ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, *provided that* prior to making such a

15 motion the parties shall meet and confer in good faith to resolve any differences over the

16 designation.  In response to the filing of such a motion, the party asserting confidentiality shall

17 have the burden of proving that the Confidential Material in question is protectable under Fed. R.

18 Civ. P. 26(c) or some other basis, or, as the case may be, that the designation of

19 CONFIDENTIAL  --  OUTSIDE  COUNSEL  ONLY  or  HIGHLY  RESTRICTED

20 CONFIDENTIAL is necessary under the circumstances.  A party shall not be obligated to

21 challenge the propriety of a designation of Confidential Material at the time made, and failure to

22 do so shall not preclude subsequent challenge.  Should any party (or non-party) seek an Order

23 from the Court to determine whether specified information or categories of information are not

24 properly designated as CONFIDENTIAL,  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY,

25 or HIGHLY RESTRICTED CONFIDENTIAL, the claimed designation shall remain operative

26 and respected by all the parties and non-parties pending the Court's ruling.

27       23.     Nothing in this Protective Order shall require disclosure of material that a party

28 contends is protected from disclosure by the attorney-client privilege or the attorney work-

1  product immunity or any other applicable privilege.  This shall not preclude any party from

2  moving the Court for an Order directing the disclosure of such material.

3      24.     Production or disclosure of documents or information subject to the attorney-client

4  privilege, work product immunity, or any other applicable privilege shall not constitute a waiver

5  of, nor a prejudice to, any claim that such or related material is privileged or protected by the

6  work product immunity or any other applicable privilege.  A producing party may notify the

7  receiving party in writing that produced documents or information are subject to the attorney-

8  client privilege, work product immunity, or any other applicable privilege.   Within five (5)

9  business days of this notice, the receiving party shall return or destroy all such documents or

10  information and all copies thereof, including those that have been shared with experts,

11  consultants, and vendors, and confirm in writing that all such documents or information have

12  been returned or destroyed.  No use shall be made of such documents or information during

13  depositions, through motion practice, or at trial.  In the case of such returned production, the

14  producing party shall provide a privilege log identifying such documents or information within

15  ten (10) business days of its original notice to the receiving party.  The receiving party may move

16  the Court for an Order compelling production of any such documents or information in

17  accordance with the Federal Rules of Civil Procedure.  The motion shall be filed under seal and

18  shall not assert as a ground for production the fact of the earlier production, nor shall the motion

19  disclose or otherwise use the content of the previously produced and returned documents or

20  information in any way (beyond any information appearing on the above-referenced privilege

21  log).

22      25.     In the event of any accidental or inadvertent disclosure of Confidential Material

23  other than in a manner authorized by this Protective Order, counsel for the party responsible for

24  the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make

25  every effort to prevent further unauthorized disclosure including retrieving all copies of the

26  Confidential Material from the recipient(s) thereof and securing the agreement of the recipients

27  not to further disseminate the Confidential Material in any form.  Compliance with the foregoing

28  shall not prevent a party from seeking further relief from the Court.

1       26.    In addition the specific requirements set forth in Paragraph 14 hereof regarding the

2 handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any

3 Confidential Material shall maintain such information in a secure and safe place, and shall

4 exercise at least the same degree of care in handling the Confidential Material as is exercised by

5 the recipient with respect to its own Confidential Material and to confidential information of a

6 similar nature, but in no event less than due care.  Each recipient of any Confidential Material

7 hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation

8 and enforcement of this Protective Order.

9       27.    This Protective Order shall not prevent the parties from applying to the Court for

10 relief therefrom or modification thereto, or from applying to the Court for further or additional

11 relief by way of protective orders or otherwise, or from agreeing between themselves to

12 modifications of this Protective Order.

13       28.    Confidential Materials shall be used solely for the purposes of this Action and

14 shall not be used for any other purpose except as expressly provided herein or by further Order of

15 the Court.

16       29.    In the event that a party desires to provide access to or disseminate Confidential

17 Materials to any person not entitled to access under this Protective Order, it may move the Court

18 for an order that such person be given access thereto if the parties cannot, after negotiating in

19 good faith, agree to such additional access or dissemination.

20       30.    Within thirty (30) days after the final conclusion of this Action ("Termination of

21 Action"), including any appeals, all Confidential Materials (except HIGHLY RESTRICTED

22 CONFIDENTIAL materials) produced by any party, and all copies of such information, shall be

23 returned to the producing party, or counsel of record shall certify in writing that such material has

24 been destroyed.  Within ten (10) days after the final conclusion of this Action, including any

25 appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by any party shall be

26 returned to the producing party along with certification by outside counsel of record and any other

27 individuals who accessed such materials that all such materials have been returned.  Counsel of

28 record may retain a copy of all correspondence, pleadings, motion papers, discovery responses,

1   deposition and trial transcripts, legal memoranda and work product.

2      31.    This Protective Order shall survive the final termination of this Action with respect
3   to any retained Confidential Materials.

4      32.    Nothing in this Protective Order shall prevent or otherwise restrict outside counsel
5   from rendering advice to their clients and, in the course thereof, relying generally on Confidential
6   Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or
7   describe any such materials except insofar as allowed (if allowed at all) under the terms of this
8   Order.

9      33.    If a party wishes to use Confidential Material at the examination at deposition or
10   trial of any witness not entitled to have access to such Confidential Materials, such Party shall
11   obtain the consent of the producing party, in advance, and the failure of the examining attorney to
12   obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial
13   or their progress, unless, in the case of a deposition, all persons attending the deposition consent,
14   and in the case of trial the Court so rules.  Where Confidential Material may be revealed or
15   referred to in a question that will be put to the witness at a deposition upon oral examination or
16   Confidential Materials will be used as exhibits during the examination, the producing party may
17   require that all persons in attendance who are not entitled access to such Confidential Material
18   under this Protective Order leave the room until such line of inquiry is completed.   Where
19   Confidential Material may be revealed or referred to in a question that will be put to the witness
20   at trial upon oral examination or Confidential Materials will be used as exhibits during the
21   examination, the producing party may request that the Court require that all persons in attendance
22   who are not entitled access to such Confidential Material under this Protective Order leave the
23   courtroom until such line of inquiry is completed

24      34.    No copy of any transcript of any deposition which is designated, in part or in
25   whole, as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY
26   RESTRICTED CONFIDENTIAL shall be furnished by the court reporter to any person other
27   than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-
28   party's own deposition.

35.     The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

36.     By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.  Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such party's signature.

SO ORDERED.

SIGNED this **19** day of **October**, 2011

_____
Honorable Nathanael Cousins
United States Magistrate Judge

AGREED TO AND APPROVED FOR ENTRY:

Dated: October 12, 2011                    WEIL, GOTSHAL & MANGES LLP

                                           By:        /s/ Sonal Mehta
                                           _____

                                           EDWARD R. REINES (Bar No. 135960)
                                           edward.reines@weil.com
                                           SONAL N. MEHTA (Bar No. 222086)
                                           sonal.mehta@weil.com
                                           ANDREW L. PERITO (Bar No. 269995)
                                           andrew.perito@weil.com
                                           WEIL, GOTSHAL & MANGES LLP
                                           201 Redwood Shores Parkway
                                           Redwood Shores, CA  94065
                                           Telephone: (650) 802-3000
                                           Facsimile: (650) 802-3100

                                           Attorneys for Defendant and Counterclaimant Frito-Lay North America, Inc.

1    Dated:  October 12, 2011                BAKER BOTTS L.L.P.

2                                            By:        /s/ Kurt Pankratz

3

4                                            BRYANT C. BOREN JR. (SBN 260602)
                                             bryant.c.boren@bakerbotts.com
5                                            CHRISTOPHER W. KENNERLY (SBN 255932)
                                             chris.kennerly@bakerbotts.com
6                                            KEVIN E. CADWELL (SBN 255794)
                                             BAKER BOTTS L.L.P.
7                                            620 Hansen Way
                                             Palo Alto, CA 94304
8                                            Telephone: 650.739.7500
                                             Facsimile: 650.739.7699
9
                                             KURT M. PANKRATZ (TX SBN 24013291)
10                                           kurt.pankratz@bakerbotts.com
                                             BAKER BOTTS L.L.P.
11                                           2001 Ross Avenue
                                             Dallas, TX 75201-2980
12                                           Telephone: 214.953.6500
                                             Facsimile: 214.953.6503
13
                                             Attorneys for Defendant and Counterclaimant
14                                           AT&T Corp.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    Dated: October 12, 2011            ROBERT W. HICKS & ASSOCIATES

3

4                                     By:        /s/ Timothy Grochocinski

5                                       Robert W. Hicks (Bar No. 168049)
Kenneth R. Wright (Bar No. 176325)

6                                       Robert W. Hicks & Associates
14510 Big Basin Way, Suite 151

7                                       Saratoga, CA 95070

8                                       Telephone: (619) 846-4333
Facsimile: (619) 236-3413

9                                       rhicks@rwhlaw.com
kwright@rwhlaw.com

10

11                                       Anthony G. Simon (Mo. Bar No. 38745)
*(pro hac vice)*

12                                       Timothy E. Grochocinski  (Mo. Bar No. 59607)
*(pro hac vice)*

13                                       The Simon Law Firm, P.C.
800 Market St., Suite 1700

14                                       St. Louis, MO 63101
Telephone: (314) 241-2929

15                                       Facsimile: (314) 241-2029
asimon@simonlawpc.com

16                                       teg@simonlawpc.com

17                                       Attorneys for Plaintiff
Teleconference Systems LLC

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6 TELECONFERENCE SYSTEMS, LLC,      Case No. C 10-5740 JSW (NMC)

     Plaintiff,

7

8   v.

9 AT&T CORP., ET AL

     Defendants.

10

11

12

UNDERTAKING CONCERNING RECEIPT OF
13 CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE
ORDER
14

15    I, _____ declare that:

16    1.  My present residential address

17 is_____.

18    2.  My present employer is _____

19 and the address of my present employer is

20 _____.

21    3.  My present occupation or job description is

22 _____.

23    4.  I have received and carefully read the Protective Order in this Action dated

24 _____, and understand its provisions.  As a condition precedent to receiving any

25 Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

26 the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

27 attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

28 confidence and not to disclose the contents of any document marked or later designated pursuant

1   to the Protective Order as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY

2   or HIGHLY RESTRICTED CONFIDENTIAL to anyone other than those persons identified in

3   Paragraphs 12, 13, or 14 of the Protective Order, respectively, to the extent that such persons are

4   qualified to review such information.  I further understand that I am not to disclose to persons

5   other than those persons identified in Paragraphs 12, 13, or 14 of the Protective Order any words,

6   substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to

7   me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the

8   Protective Order.

9       5.    At the termination of this Action or at any time requested by counsel of record in

10   this Action, I will return to counsel of record in this Action all documents and other materials,

11   including notes, computer data, summaries, abstracts, or any other materials including or

12   reflecting HIGHLY RESTRICTED CONFIDENTIAL material which have come into my

13   possession, and will return all documents or things I have prepared relating to or reflecting such

14   information.

15       6.    At the termination of this Action or at any time requested by counsel of record in

16   this Action, I will destroy or return to counsel of record in this Action all documents and other

17   materials, including notes, computer data, summaries, abstracts, or any other materials including

18   or reflecting CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material

19   which have come into my possession, and will destroy or return all documents or things I have

20   prepared relating to or reflecting such information.

21       7.    I understand that if I violate the provisions of this Protective Order, I will be in

22   violation of a Court Order and subject to sanctions or other remedies that may be imposed by the

23   Court and potentially liable in a civil Action for damages by the disclosing party.

24       8.    I declare under penalty of perjury of the laws of the United States that the

25   foregoing is true and correct.

26

27   Executed on: _____          Name:_____

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FILER'S ATTESTATION

I, Sonal N. Mehta, am the ECF User whose ID and password is being used to file this **STIPULATED PROTECTIVE ORDER**.  In compliance with General Order 45, paragraph X.B., I hereby attest that Timothy E. Grochocinski and Kurt M. Pankratz have concurred in this filing.

Dated: October 12, 2011

_____/s/ Sonal N. Mehta_____
Sonal N. Mehta